DAS:CK:MMS
F.#2012R00063

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FRANCIS MAZZELLA,

        Defendant.

I N F O R M A T I O N

Cr. No. *12 CR 108*
(T. 18, U.S.C., §§ 371,
1349 and 3551 et
seq.)

- - - - - - - - - - - - - - - - -X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

       At all times relevant to this Information, unless otherwise indicated:

I.   The Labor Union and the Welfare Fund

       1.   The Metal Polishers/Refinishers, Painters, Production & Novelty Workers, Sign Pictorial & Display, Automotive Equipment Painters Workers Union, Local 8A-28A, AFL-CIO ("Local 8A-28A") was a labor organization for purposes of the Labor Management Relations Act of 1947, as defined by Sections 142 and 152 of Title 29, United States Code, and an employee organization, as defined by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") and by Sections 1002 and 1003 of Title 29, United States Code.

       2.   The Metal Polishers-Metal Production Union Local 8A-28A Welfare Fund (the "Welfare Fund") provided healthcare

2

benefits to members of Local 8A-28A and their beneficiaries. The Welfare Fund was an employee welfare benefit plan, as defined by Sections 1002 and 1003 of Title 29, United States Code and subject to ERISA.

3. A Board of Trustees consisting of Union Trustees and Employer Trustees (the "Board") managed the Welfare Fund. The Board had discretion over the Welfare Fund's assets and was responsible for its overall operation and administration. Each trustee had a fiduciary duty under ERISA to manage the Welfare Fund's assets solely for the benefit of the participating members of Local 8A-28A and their beneficiaries.

4. The Welfare Fund and Local 8A-28A were located in a building owned by 44 East 29th Street Corp., a subsidiary of the Welfare Fund, in Queens, New York (the "Union Hall").

II. The Defendant and His Co-conspirators

5. John Doe #1, an individual whose identity is known to the United States Attorney, owned and/or controlled various companies, including Three Generations Contracting, Inc. ("Three Generations"), Total Building Services, Inc. ("TBS") and MAF Consulting, Corp. ("MAF"). Three Generations was a general contracting company, TBS was a maintenance company and MAF was a shell corporation created by John Doe #1 to conduct financial transactions. John Doe #1 served as President of Three

3

Generations and was an Employer Trustee of the Welfare Fund and thus a member of the Board.

6. The defendant FRANCIS MAZZELLA owned an electrical maintenance company called City-Wide Control Systems, Inc. ("City-Wide") and held the title of President. In or about 2006, John Doe #1 took over control of City-Wide but the company remained in MAZZELLA's name, and MAZZELLA began working for Three Generations as a project manager. In August 2008, MAZZELLA began administering Three Generations's payroll.

7. John Doe #2, an individual whose identity is known to the United States Attorney, was a Union Trustee of the Welfare Fund, Chairman of the Board and President of Local 8A-28A.

III. Fraudulent Invoice Scheme

8. In 2007, City-Wide entered into a contract with the Welfare Fund to perform construction work on the Union Hall ("the Union Hall Renovation"). Beginning in 2007 and continuing until the completion of the Union Hall Renovation in 2010, Three Generations, rather than City-Wide, actually performed the Union Hall Renovation. The defendant FRANCIS MAZZELLA, at the direction of John Doe #1, submitted and caused to be submitted invoices to the Welfare Fund ("the Fraudulent Invoices") which falsely reflected that City-Wide had performed the Union Hall Renovation. The invoices were submitted in City-Wide's name to conceal from the Board that employees of John Doe #1, an Employer

4

Trustee, were performing the Union Hall Renovation. The Fraudulent Invoices also reflected work that had not been performed, work for which the Welfare Fund had already paid and work for which the invoices were significantly inflated.

IV. <u>Tax Fraud Scheme</u>

9. For the purpose of evading payroll taxes, Three Generations paid employees all or a portion of their salaries in cash and did not disclose these payments to the Internal Revenue Service ("IRS") of the United States Department of the Treasury. Beginning in approximately August 2008, the defendant FRANCIS MAZZELLA, while administering Three Generations's payroll, routinely cashed checks, the proceeds of which MAZZELLA used to pay employees in cash.

<u>COUNT ONE</u>
(Conspiracy to Commit Wire Fraud)

10. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between 2007 and 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCIS MAZZELLA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Welfare Fund, and to obtain money and property from the Welfare Fund by means of materially false and fraudulent pretenses, representations and promises, and

5

for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: emails sent by MAZZELLA in New Jersey to the Welfare Fund administrator in Queens, New York, attaching the Fraudulent Invoices, contrary to Title 18, United States Code, 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Defraud the United States)

12. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between August 2008 and June 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCIS MAZZELLA, together with others, did knowingly and willfully conspire to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment and collection of revenue, to wit: payroll taxes owed by Three Generations.

6

14.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant FRANCIS MAZZELLA, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

a.  On or about January 28, 2009, the defendant FRANCIS MAZZELLA cashed three checks totaling $29,550 at Reliable Check Cashing Corp. located in Brooklyn, New York ("Reliable").

b.  On or about August 18, 2009, the defendant FRANCIS MAZZELLA cashed three checks totaling $29,550 at Reliable.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK